CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/19/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **GERBER LIFE INSURANCE COMPANY,** | )<br>)<br>) |
| Stakeholder, | )<br>) |
| v. | )<br>)    CIVIL ACTION NO. 6:22CV00029 |
| **JEFF FLYNN, BEVERLEY FLYNN, SHYLAR YORK, THARP FUNERAL HOME AND CREMATORY, INC., and ESTATE OF DENNIS FLYNN,** | )<br>)<br>)<br>)<br>) |
| Claimants. | ) |

**GERBER LIFE INSURANCE COMPANY'S
COMPLAINT FOR INTERPLEADER**

Pursuant to 28 U.S.C. § 1335, Gerber Life Insurance Company ("Gerber"), hereby moves to interplead life insurance proceeds of policy number 80945048. In support of interpleader, Gerber states as follows:

**NATURE OF ACTION**

1. This is an interpleader action brought pursuant to 28 U.S.C. § 1335 to determine who is lawfully entitled to certain funds to which Claimants have potential competing claims. Gerber requests a judicial determination of the conflicting potential claims and seeks its immediate, full, and complete discharge from any further liability to the Claimants regarding the Policy.

**PARTIES**

2. Stakeholder Gerber is a New York corporation with its principal place of business located in White Plains, New York.

1

3. Upon information and belief, Claimant Jeff Flynn ("J. Flynn") is a resident of Richmond, Henrico County, Virginia, is subject to the jurisdiction of this Court, and is subject to service of process in this action pursuant to 28 U.S.C. § 2361.

4. Upon information and belief, Claimant Beverley Flynn ("Mrs. Flynn") is a resident of Oakridge, Lane County, Oregon, is subject to the jurisdiction of this Court, is subject to service of process in this action pursuant to 28 U.S.C. § 2361.

5. Upon information and belief, Claimant Shylar York ("York") is a resident of Pamplin, Appomattox County, Virginia, is subject to the jurisdiction of this Court, and is subject to service of process in this action pursuant to 28 U.S.C. § 2361.

6. Upon information and belief, Claimant Tharp Funeral Home and Crematory, Inc. ("Tharp Funeral") is a Virginia corporation with its principal place of business in Lynchburg, Virginia, is subject to the jurisdiction of this Court, and is subject to service of process in this action pursuant to 28 U.S.C. § 2361.

7. Upon information and belief, the Estate of Dennis Flynn ("Estate") is a citizen of Virginia. Dennis Flynn was a resident citizen of Henrico County, Virginia prior to his death, and any estate will be probated in the State of Virginia.

## JURISDICTION AND VENUE

8. This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1335. The jurisdictional requirements of § 1335 are satisfied because: 1) this action involves an insurance policy in excess of $500; 2) two or more adverse claimants are claiming an entitlement to the proceeds of the Policy; 3) the citizenship of two or more of the claimants is diverse; and 4) Gerber is ready and able to deposit insurance proceeds at issue in the amount of $15,000 into the registry

of the Court upon receiving the Court's permission to do so.  The Court possesses personal jurisdiction over the claimants pursuant to 28 U.S.C. § 2361.

9. Venue is proper pursuant to 28 U.S.C. § 1397 as claimants J. Flynn, York, and Tharp Funeral are residents of this judicial district.  *See* 28 U.S.C. § 1397 ("Any civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants resides").

## FACTUAL ALLEGATIONS

10. On January 16, 2018, Gerber issued whole life policy 80945048 (the "Policy") insuring Dennis Flynn (the "Decedent").  (Ex. A, Policy).

11. The face amount of the Policy is $15,000.  (*Id.*).

12. At the time of application, Decedent named York as the sole beneficiary and identified her as his daughter.  (*Id.*).

13. Decedent passed away on December 6, 2021.

14. After being notified of Decedent's death, Gerber transmitted claim materials to J. Flynn, indicating York was the named beneficiary and requesting the return of certain claim materials.  (Ex. B, 12/08/2021 Letter).

15. Tharp Funeral contacted Gerber on December 8 and December 10, 2021 requesting claim forms which were faxed by Gerber.

16. On January 7, 2022, Gerber received from Tharp Funeral an executed assignment from York to Tharp Funeral in the amount of $3,153.66 along with a Claimant's Statement from York.  (Ex. C, York Submission).

17. J. Flynn transmitted a Claimant's Statement as well, which was received by Gerber on January 18, 2022.  (Ex. D, J. Flynn Submission).  Included with his Claimant's Statement were

3

handwritten notes by J. Flynn indicating York is not a part of the Flynn family and alleging coercion by York in being named the beneficiary of the Policy. (*Id.*).

18. Mrs. Flynn also submitted a letter to Gerber, asserting "fraud, coercion, and elder abuse" by York and requesting the Policy proceeds be distributed as follows:

> 1. Tharp Funeral Home $3,153.66 (Please send this payment now. There is NO reason to delay. They are not part of the problem.)
> 2. Garcia Sheet Rock Co. $7,400 (approximately)
> 3. $1,100 for dumpster and removal charges to empty things from the house and garage.
> 4. Dennis' Wells Fargo Credit Card
> 5. Dennis' Home Depot Credit Card
> 6. Or deposit it into Dennis Flynn's estate account

(Ex. E, Submission by Mrs. Flynn).

19. Gerber is in receipt of information that puts it in a position to face multiple liability with respect to the Policy proceeds. Gerber should not be forced to serve as the trier of fact or law to determine who is entitled to the Policy proceeds; therefore, interpleader is proper and Gerber should be permitted to deposit the funds into this Court's registry and be dismissed as a party.

20. Gerber admits liability for the Policy proceeds and stands ready, able, and willing to make immediate payment to the party or parties entitled to payments.

## COMPLAINT FOR INTERPLEADER

21. Gerber incorporates the allegations contained in the above paragraphs as if fully set forth herein.

22. Interpleading the Policy proceeds is necessary because Gerber is in receipt of information that puts it in a position to face multiple liability with respect to the Policy proceeds. Moreover, it would be doubtful or dangerous for Gerber to act without intervention of the equitable powers of this Court.

23. Gerber is ready and willing for the Court to pay the Policy proceeds to whichever party or parties as the Court shall designate.

24. Gerber is and has been prepared to distribute the Policy proceeds since the death of the Decedent.

25. Gerber has at no time denied liability with respect to the Policy proceeds due and payable under the Policy. Gerber has at all times admitted liability and has stood ready, able, and willing to make immediate payment to the party or parties entitled to payments.

26. Because of the adverse interests in the Policy proceeds, Gerber is in the position of a stakeholder with respect to the Policy proceeds.

27. Gerber proposes to tender a check for the Policy proceeds, including any applicable interest, to the Clerk of Court. It is requested that the Clerk deposit such funds into the Court's registry until the proper beneficiary or beneficiaries of the proceeds is determined.

28. Gerber is entitled to and requests an Order discharging it from liability as to the claims made (or to be made) against it by Claimants.

29. Gerber has not brought this interpleader action at the request of any of the Claimants. There is no fraud or collusion between Gerber and any of the Claimants. Gerber brings this action of its own free will to avoid conflicting and multiple claims.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Gerber prays:

(a) That the Court order Gerber to pay the proceeds of the Policy to the Clerk of Court;

(b) That the Court order the Clerk of Court to deposit the funds into an interest-bearing account until further orders from the Court;

(c) That the Court make such judgment as necessary to determine who is properly entitled to the funds and direct the Clerk of Court to release the funds in accordance with that judgment;

(d) That the Court enjoin Jeff Flynn, Beverley Flynn, Shylar York, Tharp Funeral Home and Crematory, Inc., and Estate of Dennis Flynn, and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursing any state or federal court action for the recovery of the funds and, upon final hearing, permanently enjoin and restrain Jeff Flynn, Beverley Flynn, Shylar York, Tharp Funeral Home and Crematory, Inc., and Estate of Dennis Flynn, and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursing any state or federal court action for the recovery of the funds, or relating in any way to Gerber's actions with respect to the handling the funds;

(e) That the Court dismiss Gerber as a party and discharge it from all further liability;

(f) That the Court take such other steps as necessary to facilitate justice and grant such additional relief as is right and proper.

Respectfully submitted,

*/s/David T. Long, Jr.*
Andrew J. Narod (VSB No. 79691)
David T. Long, Jr. (VSB No. 89870)
Bradley Arant Boult Cummings LLP
1615 L Street, N.W., Suite 1350
Washington, D.C. 20036
202.719.8271 (tel)
202.719.8371 (fax)
anarod@bradley.com
dlong@bradley.com

*Attorneys for Stakeholder*

**SERVICE OF PROCESS SHALL BE MADE UPON THE FOLLOWING:**

Jeff Flynn
c/o Steve C. Wandrei, Esq.
Radford & Wandrei, P.C.
112 Bridge Street
Bedford, VA 24523

Beverley Flynn
c/o Steve C. Wandrei, Esq.
Radford & Wandrei, P.C.
112 Bridge Street
Bedford, VA 24523

Estate of Dennis Flynn
c/o Steve C. Wandrei, Esq.
Radford & Wandrei, P.C.
112 Bridge Street
Bedford, VA 24523

Shylar York
2764 Cutbanks Road
Pamplin, VA 23958

Tharp Funeral Home and Crematory, Inc.
c/o W. William Gust, Esq., Registered Agent
Gentry Locke
10 Franklin Road, Suite 800
Roanoke, VA 24011